51 So.2d 495 (1951)
PALMER
v.
EDWARDS et al.
Supreme Court of Florida, Division A.
March 13, 1951.
Rehearing Denied April 17, 1951.
*496 Ralph W. Carson, Clearwater, for appellant.
McMullen & Goza, Clearwater, for appellees.
TERRELL, Justice.
In October 1947 appellees made a contract with appellant under which the latter agreed to construct a building on lands which appellee, Edwards, represented belonged to appellee, Florida Home Equipment Distributing Co., Inc., later changed to Modern Utilities, Inc., but which in fact belonged to appellee Edwards and his wife. Appellant performed the contract on his part, including certain extras or additions which were approved and accepted by Edwards February 15, 1948. Thereafter payments were made on the contract, the last of which was made in May 1948, leaving a balance due of $2400.00. The amended bill alleges that the defendants are insolvent.
In November 1948, Edwards and wife sold the property to appellee Fred F. Stoll for $9000.00, $4500.00 of which was paid in cash and the balance of $4500.00 in six months thereafter. Stoll took possession at once but the corporate defendant continued to occupy the building. When appellant learned of the sale to Stoll he instituted this suit by bill in equity to determine his rights under the contract and the agreement of sale. The defendants moved to dismiss the bill which was several times amended, the motion to dismiss was renewed each time but ultimately prevailed. This appeal is from the order dismissing the bill of complaint as amended.
The motion to dismiss was grounded on the theory that the mechanics lien law was plaintiff's remedy and having failed to comply with that he was not entitled to his asserted equitable lien. It is true that liens for labor performed and materials furnished for improvements upon real estate did not exist at common law and are not always allowed in equity, but the latter phase of this rule is not always applicable in this state.
The bill of complaint as amended prayed (1) that the court take jurisdiction of the cause and decree the rights and liabilities of the parties as authorized by Chapter 87, Florida Statutes of 1941, F.S.A., (2) that the sum of $2422.71, with interest from February 25, 1948, the amount due the plaintiff under the contract, be an equitable claim payable from the proceeds of the sale of the land and building, (3) that Fred F. Stoll be enjoined from paying the balance due under the agreement to defendant Ralph B. Edwards and wife, (4) that the court decree that the sum due under the contract from Stoll to Edwards and wife be impressed with a trust in the hands of defendants for the benefit of the plaintiff.
Unquestionably appellant could have proceeded seasonably under the laborers and mechanics lien law to impress *497 and foreclose a lien on the property and recover the amount due him in that manner, but we do not think he was limited to that procedure in this case. The declaratory judgments law could do nothing more than determine whether or not he had a claim under the contract and what his rights were. He was convinced that he had a just claim so that part of his bill was superfluous. We think that under the facts shown the plaintiff was entitled to an equitable lien under the doctrine announced by this court in Jones as Trustee v. Carpenter, 90 Fla. 407, 106 So. 127, 43 A.L.R. 1409. The chancellor dismissed the bill without prejudice to proceed at law. The bill was ineptly drawn but it is our view that the plaintiff should have been permitted to amend his bill and proceed as pointed out in the last cited case. One should not be barred from pressing a just claim if the law provides any means for him to do so.
For this reason the chancellor committed error in dismissing the bill. His judgment is accordingly reversed with directions to reinstate the bill, permit the plaintiff to reform his pleadings and proceed accordingly.
Reversed with directions.
CHAPMAN, HOBSON and ROBERTS, JJ., concur.
SEBRING, C.J., and THOMAS and ADAMS, JJ., dissent.