93 So.2d 378 (1957)
Alvin T. GREEN, Appellant,
v.
Jack H. PUTNAM et al., Appellees.
Supreme Court of Florida, Division B.
March 6, 1957.
*379 Andrew L. Kennedy, Miami, for appellant.
Byrd V. Duke, Jr., Miami, for appellees.
O'CONNELL, Justice.
Green, the appellant, was plaintiff in the court below. Putnam, the appellee, was one of the defendants. It is unnecessary to mention the other defendants or their interest in the proceedings or in the property involved herein.
It appears from the pleadings in this cause that Green and Putnam in October 1952 entered into a verbal agreement whereunder the parties were to construct, for sale, a residence building on a lot owned by Putnam and his wife. Putnam was to furnish not only the lot but also the necessary finances. Green was to supervise and act as working foreman in the construction. The parties were to share equally the profits from the sale of the residence. It was contemplated that a written partnership agreement would be executed and that the parties would build four other houses on lots to be procured by Putnam.
In his amended complaint Green claims that Putnam on about December 8, 1952 repudiated the oral agreement and refused to execute the partnership agreement, and that as a result thereof he, Green, refused to proceed further with the construction of the residence which was not then completed. In his answer Putnam claims that Green breached the agreement by refusing to proceed with the construction.
On December 12, 1952 Green, pursuant to F.S. Chapter 84, F.S.A., filed a claim of lien on the lot in question and thereafter filed this suit in chancery praying in the alternative that he be found to have either a mechanic's lien or an equitable lien for the reasonable value of his services and monies advanced in the improvement of said lot.
Green further alleged that he had not received any portion of the profits from sale of the building and had not been compensated for his services or for certain monies advanced by him. It appears that the building had been completed and sold by Putnam to one of the defendants not named in this opinion.
The cause came on for final hearing before the chancellor, and after hearing a part of the evidence offered by the plaintiff, Green, the chancellor terminated the trial and entered an order dismissing the cause.
In his order of dismissal the chancellor recited that it appeared from the testimony of the plaintiff, himself, that:
1. the arrangement whereby plaintiff performed the labor on the defendant Putnam's land was a "profit-sharing joint enterprise";
2. the business affairs and finances of said enterprise were under the exclusive management and control of the defendant Putnam, the plaintiff being the working foreman engaged solely in the actual construction of the building; and
3. there was no agreement between the parties for the sharing of losses of the transaction.
The chancellor concluded that the relation between the parties appeared to be a profit-sharing joint enterprise, and that such relation was not compatible or consistent with the existence of a mechanic's lien under the Florida Statute. He refused to receive further evidence, including evidence of the reasonable value of plaintiff's services, and terminated the trial. His order of dismissal was with prejudice.
*380 It was error for the chancellor to dismiss the bill for at least two reasons.
First, the plaintiff prayed for relief in the alternative. He sought either a mechanic's lien or an equitable lien. Assuming, but not deciding that the plaintiff was not entitled to a mechanic's lien for the reasons cited by the chancellor, the plaintiff might well be entitled to an equitable lien. The chancellor did not decide that plaintiff, on the merits and the evidence, was not entitled to an equitable lien. His order of dismissal in effect was a ruling that the bill of complaint did not state a cause of action. We can not agree for we think such a case may well be a classic example where equity may intervene to impress a lien to prevent inequity or unjust enrichment of one party as against another. And we have held that one who has performed services or furnished materials in the improvement of real property is not limited to proceeding under the mechanics' lien law, but may proceed to establish an equitable lien on the property in question. Palmer v. Edwards, Fla. 1951, 51 So.2d 495.
The second reason for finding the order of dismissal to be error appears on the face of the order.
We construe that in the use of the words "profit-sharing joint enterprise" the chancellor meant a joint venture.
In his order he found such a joint venture to exist and based such finding on the testimony of the plaintiff. Yet he states that the testimony on which he based this finding was to the effect that (1) Putnam, the defendant, had exclusive control of the business affairs and finances while plaintiff was only engaged in the construction and (2) that there was no agreement for sharing of losses.
The finding that the relationship between the parties was that of co-adventurers is inconsistent with one party having exclusive management and control of the transaction and with no provision for sharing of losses.
We have held that mutual control and an intention to share losses as well as profits are essential elements in a joint venture. Willis v. Fowler, 1931, 102 Fla. 35, 136 So. 358, Albert Pack Corporation v. Fickling Properties, 1941, 146 Fla. 362, 200 So. 907.
While a chancery decree or other judicial pronouncement, otherwise correct, will not be reversed solely because the judge deciding the case has undertaken to state in connection with his decree a wrong reason for arriving at the decision he has made, there is an important exception to this rule as well settled as the rule itself. That exception is where in deciding a cause it appears that the chancellor misconceived a controlling principle of law applicable to the controversy. Knight v. City of Miami, 1937, 127 Fla. 585, 173 So. 801. Here it is clear that the chancellor misconceived the law as relating to the essential factors constituting the relationship of co-adventurers and his order must be reversed.
We are careful to state that this opinion shall in no way be construed to decide that one co-adventurer who furnishes labor, services or materials in the improvement of real estate owned by the other co-adventurer is not entitled to claim and enforce a lien therefor under F.S. Chapter 84, F.S.A., for he may well be entitled to such a lien. We do not decide this question because it is not before us. To decide it now would require that we assume that the chancellor, after a full trial, will find the parties in this cause to have been co-adventurers. This we are not permitted to do.
The order of dismissal is reversed with directions that the chancellor conduct further proceedings in accordance with law.
TERRELL, C.J., and HOBSON and DREW, JJ., concur.