116 So.2d 437 (1959)
Luther TUCKER, dba Tucker & Alligood, Appellant,
v.
PREVATT BUILDERS, INC., a Florida corporation, Scales Investment Corporation, a Florida Corporation, Joe H. Scales, Helen P. Scales, Kenneth Curtis and J.B. Hodges, Appellees.
No. A-481.
District Court of Appeal of Florida. First District.
December 15, 1959.
*438 Horne & Rhodes, Tallahassee, for appellant.
A.K. Black, Lake City, and John H. McCormick, White Springs, for appellees.
WIGGINTON, Chief Judge.
Appellant, by an amended complaint filed in chancery, sought to establish an equitable lien against certain described real property formerly owned by one of the defendants and in which the remaining defendants now have or claim some unknown and undisclosed interest. From an order dismissing the amended complaint with prejudice this appeal has been taken.
The sole question presented for our determination is whether the amended complaint states a cause for equitable relief. In resolving this question all allegations contained in the complaint, and all reasonable inferences which may be drawn therefrom, are taken as true.
From an analysis of the complaint the following facts clearly appear. Plaintiff as contractor entered into a written agreement with defendant Prevatt Builders, Inc., for the paving of streets and the construction of curbs in a subdivision known as Spring Lake Heights. Plaintiff performed all the terms and provisions of his contract to the complete satisfaction of the owner, whereby there became due and owing to plaintiff the agreed sum called for in the contract. By the time the contract was completed, the owner was experiencing financial difficulties as a result of which extensive negotiations were carried on between the contractor and owner with regard to the matter of payment. While these negotiations were in progress, and before the owner had paid any sum to the contractor on account of the contract price, the owner became insolvent, *439 ceased operation and its assets were placed in the hands of a committee of creditors. Other than the subdivision property improved by the contractor under the terms of the contract abovementioned, the owner had no assets out of which the amount due the contractor could be satisfied.
Throughout the period of negotiations between the contractor and the owner regarding payment, the contractor insisted that he had and was claiming a lien against the improved property for the contract amount due him for labor and materials furnished and services performed in connection with the improvements made. The remaining parties joined as defendants were associated in some manner with the owner in the acquisition and development of the subdivision in question, had full knowledge of plaintiff's contract and the rights accruing to him thereunder, including the fact that no part of the contract price had been paid and that he was claiming a lien on the land as security for the amount due. Notwithstanding all this, the remaining defendants procured from the owner certain written instruments purporting to vest in them title to or other undisclosed interests in certain described portions of the subdivision which were improved by plaintiff under the terms of his construction contract. The complaint prays that the court decree an equitable lien in favor of plaintiff as against those portions of the subdivision improved by him under his contract and specifically described in the complaint; that the lands be sold and so much of the proceeds arising therefrom as may be necessary be applied to the indebtedness owed. The complaint further prays that defendants be decreed to hold whatever right, title or interest they may have acquired from the former owner in trust for payment of the amount due plaintiff under the equitable lien which he claims against the property in question. The complaint further prays for a decree declaring the rights and liabilities of the parties pursuant to the provisions of Chapter 87, Florida Statutes, F.S.A.
All defendants named in the complaint except the former owner Prevatt Builders Inc., filed a motion to dismiss, the principal grounds of which are that the complaint fails to state a cause of action or allege facts sufficient to warrant granting the relief prayed for therein as against the moving defendants. Further grounds of the motion are that the complaint shows on its face that plaintiff is guilty of laches and has an adequate remedy at law. It was pursuant to this motion that the amended complaint was dismissed with prejudice.
Equitable liens arise from two sources: (a) a written contract which shows an intention to charge some particular property with a debt or obligation, and (b) when declared by a court of equity out of general considerations of right and justice as applied to the relations of the parties and the circumstances of their dealings in the particular case.[1]
It has been held that "the doctrine of equitable liens is one of great importance and of wide application in administering the rights and remedies peculiar to equity jurisprudence. There is perhaps no doctrine which more strikingly shows the difference between the legal and the equitable conceptions of the juridical results which flow from the dealings of men with each other, from their express or implied undertakings."[2] The doctrine of equitable lien follows the doctrine of subrogation. They both come under the maxim, equality is equity, and are applied only in cases where the law fails to give relief and justice would suffer without them.[3]
An equitable lien is not an estate of property in the thing itself nor a right *440 to recover the thing, that is, a right which may be the basis of a possessory action. It is simply a right of a special nature over a thing, which constitutes a charge or encumbrance upon it, so that the very thing itself may be proceeded against in an equitable action and either sold or sequestered under a judicial decree, and its proceeds in the one case, or its rents and profits in the other, applied upon the demand of the creditor in whose favor the lien exists.[4]
Where a contractor or materialman supplies labor, materials or equipment in the improvement of real estate, a court of equity may in appropriate circumstances impress an equitable lien upon the improved property as security for payment of the amount owed for the improvements so made.[5] The fact that one who furnishes materials or performs labor in the improvement of real estate may be entitled to proceed under the mechanic's lien law does not preclude him from seeking relief in the nature of an equitable lien against the improved property as security for payment of the amount owed him.[6]
Without restating the ultimate facts alleged in the complaint, we are of the view that when considered in light of the foregoing principles, it sufficiently states a cause of action for the equitable relief prayed for therein.
Careful consideration has been given to appellees' cross assignments of error, but they are found to be without significant merit.
The decree is reversed and the cause remanded for further proceedings.
Reversed.
STURGIS and CARROLL, DONALD K., JJ., concur.
NOTES
[1] Jones v. Carpenter, 90 Fla. 407, 106 So. 127, 129, 43 A.L.R. 1409; 33 Am.Jur., Liens, p. 430, Sec. 21.
[2] Jones v. Carpenter, see note 1.
[3] Capen v. Garrison, 193 Mo. 335, 92 S.W. 368, 372, 5 L.R.A.,N.S., 838.
[4] International Realty Associates v. McAdoo, 87 Fla. 1, 99 So. 117.
[5] Industrial Supply Corp. v. Lee, Fla. 1950, 48 So.2d 285.
[6] Green v. Putnam, Fla. 1957, 93 So.2d 378; Palmer v. Edwards, Fla. 1951, 51 So.2d 495.