PER CURIAM.
Edward Plulsch, the original plaintiff in the trial court, died after noting his appeal from a final order dismissing his amended complaint in equity. Union Trust Company of St. Petersburg, a corporate fiduciary, qualified as personal representative and was substituted as party appellant.
Edward Hulsch sought to establish an equitable lien on certain real property of the defendant Emphrosina Wittmann. It appears from the complaint that Edward Hulsch, his wife and son and the defendant Emphrosina Wittmann migrated to this country from Germany. The plaintiff never became conversant with the English language and could not transact ordinary business affairs without the benefit of an interpreter. A naturally close and confidential relationship developed and existed between the defendant and the plaintiff and the plaintiff’s wife Marie Hulsch. The plaintiff and his wife had confidence in the judgment of the defendant, a younger woman who was physically vigorous and mentally alert.
The plaintiff and his wife were more than eighty years of age and their son Henry, age fifty-four, was not capable of handling his own affairs. Concerned about their advanced years and the future welfare of their incompetent son, the plaintiff and his wife counselled with the defendant. The defendant proposed to Marie Hulsch that if the latter would procure the necessary funds from Edward Hulsch she, Emphros-ina Wittmann, would build an addition to her home to care for the son after the death of Marie Hulsch. Marie Hulsch prevailed upon her husband to advance $3600.00 to a building contractor and an additional $600.-00 cash to the defendant for construction of a garage apartment on the defendant’s property.
Marie Hulsch died, but the son did not move into the completed addition because it allegedly was unfit for occupancy and because the arrangements for the care of the son were impractical and impossible of performance. The plaintiff alleged that he was incapable of caring for his son; and the record indicates that on March 16, 1962, after this appeal was instituted and before the death of the plaintiff, Union Trust Company was appointed guardian of the property of Edward Hulsch, an incompetent. The defendant refused to give the plaintiff any evidence of indebtedness or any form of in rem security for reimbursement of the funds advanced by the plaintiff to improve defendant’s property.
The complaint was dismissed as failing to state a case cognizable in equity. It was argued defensively that the plaintiff’s remedy, if any, was by action at law. We disagree although we would not presume to *542 prejudge the ultimate merits to be developed on plenary hearing. In view of the looseness of the contractual elements and the generally peculiar circumstances reflected by the complaint, plaintiff’s remedy at law would be highly conjectural or inadequate. We note defendant’s argument that money borrowed to pay for labor and material to make improvements on land does not constitute ground for an equitable lien. Defendant cites Lewton v. Hower (1882) 18 Fla. 872. That case, however, is devoid of significant elements existing in the present case. Our attention has been directed to the more recent case of Green v. Putnam, Fla.1957, 93 So.2d 378, a suit to enforce either a mechanic’s lien or an equitable lien for the value of services rendered and money advanced by the plaintiff in the improvement of defendant’s real property. The chancellor dismissed the complaint but the Supreme Court reversed. The opinion by Justice O’Connell states as follows:
“First, the plaintiff prayed for relief in the alternative. He sought either a mechanic’s lien or an equitable lien. Assuming, but not deciding that the plaintiff was not entitled to a mechanic’s lien for the reasons cited by the chancellor, the plaintiff might well be entitled to an equitable lien. * * * [Sjuch a case may well be a classic example where equity may intervene to impress a lien to prevent inequality or unjust enrichment of one party as against another. And we have held that one who has performed services or furnished materials in the improvement of real property is not limited to proceeding under the mechanics’ lien law but may proceed to establish an equitable lien on the property in question. Palmer v. Edwards, Fla.1951, 51 So.2d 495.” (emphasis added)
In Tucker v. Prevatt Builders, Inc., Fla.App. 1959, 116 So.2d 437, 439, the court stated the derivation of equitable liens as follows :
“Equitable liens arise from two sources: (a) a written contract which shows an intention to charge some particular property with a debt or obligation, and (b) when declared by a court of equity out of general considerations of right and justice as applied to the relations of the parties and the circumstances of their dealings in the particular case.”
See also the leading case of Jones v. Carpenter, 1925, 90 Fla. 407, 106 So. 127, 43 A.L.R. 1409.
The complaint under review contains sufficient equity to withstand the motion to dismiss, and it should be answered.
Reversed and remanded.
ALLEN, Acting C. J., and KANNER and WHITE, JJ., concur.