152 So.2d 797 (1963)
O.H. THOMASON BUILDERS' SUPPLIES, INC., Appellant,
v.
Orsbia GOODWIN, Gertrude Goodwin, Randolph Pritchett, Martha Mae Pritchett, W.A. Jernigan and Claire C. Jernigan, his wife, Appellees.
No. E-115.
District Court of Appeal of Florida. First District.
April 30, 1963.
Rehearing Denied May 24, 1963.
*798 W.E. Skillman, Crestview, for appellant.
No appearance for appellees.
CARROLL, DONALD, K., Chief Judge.
The plaintiff in a materialman's lien foreclosure suit has appealed from an order entered by the Circuit Court for Okaloosa County dismissing the cause at the plaintiff's cost.
The first question for determination on this appeal is whether a materialman who has furnished materials used in improving certain land but whose notice of lien was not filed in compliance with the statutory requirements, is nevertheless entitled to an equitable lien on the said land.
In its complaint the plaintiff alleges that on or about March 30, 1960, the defendants Goodwin agreed to purchase from the plaintiff, and thereafter the plaintiff sold and delivered to them, building materials valued at $499.49, to be used in the construction of improvements upon six lots in Okaloosa County; that the said materials were used in making the said improvements on the said land, but no part of the mentioned sum has been paid, though the plaintiff duly demanded payment. The defendants Pritchett and Jernigan are alleged to be the record owners of some of the said lots at the time this suit was filed. The plaintiff further alleges that it duly served a notice of lien less than twelve months before filing this suit, and prayed that its lien for building materials be declared a valid and binding lien upon the said land, that the lien be foreclosed and the land sold to satisfy it, together with interest, costs, and a reasonable attorney's fee, and that the court grant "such other and further relief as may be equitable and proper."
Upon final hearing the chancellor entered the order appealed from, finding that the plaintiff's notice of lien did not meet the requirements of law and that the plaintiff's foreclosure notice was not filed within the time allowed by law, and dismissing the cause at the cost of the plaintiff.
In its brief the plaintiff-appellant contends in effect that, even if it is not entitled to a materialman's lien under the statutes *799 of this state, it is entitled to an equitable lien on the said land under its general prayer for "further relief as may be equitable and proper" in accordance with established principles of equity, particularly the doctrine of unjust enrichment. We do not have the benefit of any brief filed by the appellees in this appeal, so we are left to assume that their position is that set forth by the chancellor in the order appealed from.
The authority chiefly relied on by the appellant in support of its contentions is the decision of the Supreme Court of Florida in Green v. Putnam, 93 So.2d 378 (1957). In that case the complaint sought to establish either a mechanic's lien or an equitable lien for the reasonable value of services rendered and money advanced by the plaintiff in the improvement of certain realty. The Circuit Court dismissed the suit with prejudice on the ground that the relation between the parties seemed to be that of a joint venture, which relation, the court thought, was incompatible with the existence of a mechanic's lien under the statute. The suit was dismissed without determining whether the plaintiff was entitled to an equitable lien. The Supreme Court of Florida reversed the order of dismissal, saying:
"First, the plaintiff prayed for relief in the alternative. He sought either a mechanic's lien or an equitable lien. Assuming, but not deciding that the plaintiff was not entitled to a mechanic's lien for the reasons cited by the chancellor, the plaintiff might well be entitled to an equitable lien. The chancellor did not decide that plaintiff, on the merits and the evidence, was not entitled to an equitable lien. His order of dismissal in effect was a ruling that the bill of complaint did not state a cause of action. We can not agree for we think such a case may well be a classic example where equity may intervene to impress a lien to prevent inequity or unjust enrichment of one party as against another. And we have held that one who has performed services or furnished materials in the improvement of real property is not limited to proceeding under the mechanics' lien law, but may proceed to establish an equitable lien on the property in question. Palmer v. Edwards, Fla. 1951, 51 So.2d 495."
The same doctrine has been recognized in numerous Florida decisions, including Palmer v. Edwards, 51 So.2d 495 (Fla. 1951), Tucker v. Prevatt Builders, Inc., 116 So.2d 437 (Fla.App. 1959), Armstrong v. Blackadar, 118 So.2d 854 (Fla.App. 1960), and Union Trust Company of St. Petersburg v. Wittmann, 145 So.2d 540 (Fla.App. 1962).
There is no question, then, of the right of a person furnishing services or materials in the improvement of realty to seek an equitable lien thereon as security for the debt, even though he may not have complied with the requirements under the mechanic's lien laws of this state. To establish such equitable lien, however, he must allege and prove his entitlement to this lien within certain principles recognized by the courts.
In the case of Jones v. Carpenter, 90 Fla. 407, 106 So. 127, 43 A.L.R. 1409 (1925), the Supreme Court of Florida discussed the nature and theory of the equitable lien. By way of definition the court said:
"An equitable lien is not an estate or property in the thing itself nor a right to recover the thing; that is, a right which may be the basis of a possessory action. It is neither a jus ad rem nor a jus in re. It is simply a right of a special nature over the thing, which constitutes a charge or incumbrance upon the thing, so that the very thing itself may be proceeded against in an equitable action, and either sold or sequestered under a judicial decree, and its proceeds in the one case, or its rents and profits in the other, applied upon the demand of the creditor in whose favor the lien exists. It is the very essence of this condition that while the lien continues the possession *800 of the thing remains with the debtor or the person who holds the proprietary interest subject to the incumbrance. Pomeroy's Equity Jurisprudence (4th Ed.) vol. 3, p. 2958.
* * * * * *
"From the foregoing it is seen that equitable liens arise from two sources, viz.: (1) A written contract which shows an intention to charge some particular property with a debt or obligation; (2) is declared by a court of equity out of general consideration of right and justice as applied to the relations of the parties and the circumstances of their dealings in the particular case. Jones on Liens, supra; 17 R.C.L. 605, supra; 25 Cyc. 667. Equitable liens are necessarily based on the doctrine of estoppel and usually arise in cases of expenditures by one joint owner on real or other property or in cases where a party innocently and in good faith makes improvements on the property of another. These last two, however, are by no means the only instances in which they may arise."
The above-quoted rules have been cited and relied on by many subsequent Florida cases, including this court's recent decision in Tucker v. Prevatt Builders, Inc., Fla. App., 116 So.2d 437 (1959).
The complaint before us fails to allege a written contract which shows an intention to charge particular property with a debt or obligation. Therefore, the sole remaining problem, under the above rules, is to determine whether the complaint has sufficient allegations concerning the relations of the parties and the circumstances of their dealings from which a court of equity could properly conclude, out of a general consideration of right and justice, that an equitable lien should be declared on the land in question.
It would, of course, be futile to attempt to frame a rule delineating the general considerations of right and justice that would give rise to an equitable lien, and apparently no court has attempted to do so. Nevertheless, in several decisions the Florida courts have thrown some light on the subject of those considerations.
In a suit to foreclose an alleged equitable lien, the Supreme Court of Florida in Rood Company, Inc. v. Luber, 91 So.2d 629 (1956) held a complaint insufficient that "fails to allege the names of the present owners of the subject land, makes no charge of wrongdoing or misrepresentation against either the owner at the time the buildings were constructed or the general contractor but seeks to have the lands subjected to his claim for paints and materials solely for the reason the same was used in the construction."
Our Supreme Court in Johns v. Gillian, 134 Fla. 575, 184 So. 140 (1938), said that the rule as to when an equitable lien arises by implication for improvements or benefits to property is set forth in the following from 37 C.J. Liens § 26, page 321:
"An equitable lien on the property benefited has been held to arise where a person in good faith, and under a mistake as to the condition of the title, makes improvements, renders services, or incurs expenses that are permanently beneficial to another's property. But there is no such lien where the expenditures are made with knowledge of the real state of the title; nor will such a lien arise where there is an adequate remedy at law." See also 53 C.J.S. Liens § 4, page 846.
While we know of no Florida decision on the precise point, the general rule in other jurisdictions seems to be that a valid equitable lien created on real property is not enforceable against such property in the hands of bona fide purchasers for value without notice of the lien. See 53 C.J.S. Liens §§ 4 and 13, pages 839 and 859.
Analyzing the complaint before us on this appeal, we find no allegations therein concerning these pertinent factual questions: whether the defendant Goodwin was *801 the owner of any of the subject lots at the time he made the agreement with the plaintiff, or has ever been such an owner; whether any of the defendants was guilty of wrongdoing or made any misrepresentation on which the plaintiffs relied to his disadvantage; and whether the defendants Pritchett and Jernigan were or were not bona fide purchasers of their lots for value and without notice of the plaintiff's lien. While we do not necessarily hold that all of such allegations are essential in every complaint of this kind, we do think that the absence of these and similar allegations in the present complaint renders it insufficient as a statement of a claim for the enforcement of an equitable lien against the defendants. In other words, a court of equity could not properly conclude from the complaint's allegations that general considerations of right and justice require that an equitable lien be declared and enforced against the subject land. The order appealed from, therefore, is
Affirmed.
STURGIS and RAWLS, JJ. concur.