190 So.2d 784 (1966)
W.N. CARTER, Jr., and His Wife, Sarah C. Carter, Appellants,
v.
J.V. SUGGS, Appellee.
No. H-247.
District Court of Appeal of Florida. First District.
September 20, 1966.
Rehearing Denied October 31, 1966.
*785 Logue, Bennett & Williams, Panama City, for appellants.
Robert B. Staats, and Barron & Hilton, Panama City, for appellee.
WIGGINTON, Acting Chief Judge.
Defendants have appealed a final decree in chancery awarding plaintiff an equitable lien against certain improved real estate in Bay County in an amount found to be due plaintiff for the reasonable value of services rendered by him to defendants in the promotion, acquisition, management, and improvement of the property.
By his complaint plaintiff alleged that he and defendants entered into an oral partnership agreement which contemplated the acquisition and improvement of a parcel *786 of land as a marina and motor court. After contributing his services in pursuance of the partnership agreement, plaintiff alleged that defendants breached the agreement by denying plaintiff's status as a partner and otherwise rendering impossible plaintiff's further performance of their agreement. The complaint prayed that the court decree the existence of the partnership between the parties, that an accounting be taken as to value of plaintiff's interest in the partnership assets; that plaintiff be awarded a lien against the assets of the partnership for the amount found to be due him, and that the partnership property be sold to satisfy the amount adjudged to be due. Defendants' answer denied generally the formation or existence of a partnership agreement with plaintiff; denied that they were indebted to plaintiff in any amount, or that he was entitled to a lien against the property which was purchased by defendants and which is alleged to constitute the partnership assets.
By his final decree the chancellor found that plaintiff had conceived and promoted the idea of acquiring and developing the property in question; had rendered substantial services in preparing the property for the construction of a motel and marina; had managed the rental and sale of apartments and other buildings which were located on the property when it was acquired, and made contracts for clearing the land in furtherance of the project. The chancellor found that although the parties had planned a business venture, the plans were never consummated, nor did a partnership agreement ever come into being. The court did find, however, that the plaintiff was entitled to be paid the reasonable value of the services rendered by him in the acquisition, promotion, management, and improvement of the real property described in the complaint. The chancellor decreed that defendants were indebted to plaintiff in a specified amount, and declared a lien to exist on the real property in favor of plaintiff for the amount found to be due him.
Appellants recognize the well-established principle that common-law remedies may be granted as an incident to the granting of equitable relief on the established theory that having assumed jurisdiction, equity will grant complete relief so as to dispose of all issues raised in the case. Appellants contend, however, that appellee's entitlement to relief prayed for hinged upon the establishment of a partnership agreement between the parties. Appellants reason that since the chancellor found the evidence insufficient to establish a partnership agreement as alleged, all equitable relief to which appellee would otherwise have been entitled under the allegations of the complaint was thereby denied, and the court was without jurisdiction to proceed with the entry of a money judgment for the reasonable value of appellee's services allegedly rendered by him from which appellants benefited. Appellants argue that the relief granted is obtainable only in pursuance of common-law remedies, and in equity only as an incident to the granting of equitable relief.
In support of their position, appellants rely on the decision rendered by the Supreme Court in Levitt v. Axelson.[1] This was a suit in equity by which the plaintiff sought certain equitable relief, and as an incident thereto prayed for a money judgment against defendants. The chancellor denied all equitable relief as prayed, but proceeded to enter a money judgment against defendants for the amount found to be due plaintiff for services rendered. In reversing the decree, our Supreme Court said:
"* * * This brings us to a consideration of the question of whether or not a court of chancery can enter a personal decree for the payment of money claimed as a part of a broker's commission for effecting a sale of a parcel of real estate *787 when no other relief is decreed to the complainant and the transaction involving the claim of real estate commission is an entirely different cause of action interjected into the suit by the complainant as a ground of relief additional to the other equitable relief sought.
"We think this question must be answered in the negative on the authority of Chabot v. Winter Park Co., 34 Fla. 258, 15 So. 756, 43 Am.St.Rep. 192; Glinski v. Zawadski, 8 Fla. 405; Gentry-Futch Co. v. Gentry, 90 Fla. 595, 106 So. 473."
In Miller v. Rolfe,[2] a plaintiff vendor brought suit in equity against defendant vendees for specific performance of a contract of purchase and sale. During the pendency of the cause plaintiff sold the property which formed the subject matter of the suit. On final hearing plaintiff sought to recover only a money judgment for damages allegedly suffered as a result of defendants' wrongful refusal to perform the contract as agreed. Although the final decree awarded no equitable relief to plaintiff pursuant to his prayer for specific performance, it did award plaintiff a money judgment for damages suffered as a result of defendants' breach. In reversing the decree this court held that plaintiff's failure to prove his right to equitable relief divested the court of jurisdiction to award incidental damages. In so holding, we said:
"Appellee's remedy therefore is limited to a claim for damages, if any he suffered, in an action at law for appellants' breach of contract. We are not here dealing with a mere technicality. Throughout the annals of our jurisprudence the right to trial by jury in actions cognizable at law, as guaranteed by the clear mandate of our Constitution, has remained sacred and inviolate, and although it may be waived by consent of the parties, it can neither be disregarded nor withheld by the court over the objection of a party vested with such right. On the issue of damages, appellants were entitled as of right to a jury trial in a court of law and, in the absence of a waiver thereof, they could not be deprived of that right.
"On this state of the record the Chancellor properly could and should have on his own initiative or on motion of either party, entered an order transferring this cause to the law side of the court for jury trial."
Appellee takes issue with the position assumed by appellants to the effect that all equitable relief prayed for by the complaint was denied. Appellee urges that the evidence adduced at the trial established his right to an equitable lien against the real property owned by defendants which had been acquired, managed, and improved through the joint efforts of appellee. The complaint prayed for the declaration of a lien in favor of appellee against the land owned by appellants for such amount as the court may find to be due.
It appears to be the established law of this state that equitable liens arise from two sources: (a) a written contract which shows an intention to charge some particular property with a debt or obligation, and (b) when declared by a court of equity out of general consideration of right and justice as applied to the relations of the parties and the circumstances of their dealings in a particular case.[3]
Since in the case sub judice there is no evidence to indicate that a written contract was entered into between the parties showing an intention to charge the property purchased by appellants with a debt or obligation owed to appellee, the equitable lien, if one exists, must have arisen under *788 circumstances which justify its creation and imposition.
The courts of this state have not hesitated to decree the existence of an equitable lien when the relationship of the parties and the nature of their dealings with respect to certain described real property require the imposition of a lien in order to prevent unjust enrichment or other inequities. The declaration of such liens has heretofore been confined to those instances in which the claimant has furnished funds for the purchase or improvement of land, or expended labor and materials in the improvement of property, all with the knowledge and consent of the owner.[4] We find no decisions, and none has been called to our attention, where an equitable lien has been awarded against specified real estate under circumstances where the claimant has merely rendered services in connection with the acquisition, promotion, or management of the property.
In the case sub judice it is our view that although the services rendered by appellee in connection with the motel-marina property may have been of substantial value and benefit to appellants, and that a failure to compensate appellee for the value of such services would result in an unjust enrichment of appellants, we cannot agree that these services were of such nature as could be said to have directly improved the real estate per se. Appellee bestowed no personal labor upon the land or the buildings situated thereon, nor did he furnish any materials which went into the land and constituted an improvement thereof. For these reasons it is our view that appellee failed to establish a right to an equitable lien against the property purchased and owned by appellants as described in the complaint and final decree.
We have carefully considered appellee's point on appeal charging that the chancellor erred in finding the evidence insufficient to establish a partnership relation between the parties, but find this contention to be without substantial merit.
The decree appealed is accordingly reversed and the cause remanded with directions that it be transferred to the law side of the court for further proceedings in quantum meruit on the issue of appellee's entitlement to a money judgment for the services allegedly rendered appellants.
Reversed and remanded.
JOHNSON and SACK, JJ., concur.
NOTES
[1] Levitt v. Axelson, 102 Fla. 233, 135 So. 553, 554.
[2] Miller v. Rolfe (Fla.App. 1957), 97 So.2d 132, 135.
[3] Tucker v. Prevatt Builders, Inc. (Fla. App. 1959), 116 So.2d 437.
[4] Dewing v. Davis (Fla.App. 1960), 117 So.2d 747.

Tucker v. Prevatt Builders, Inc., supra note 3.
Green v. Putnam (Fla. 1957), 93 So.2d 378.
Jones v. Carpenter, 90 Fla. 407, 106 So. 127, 43 A.L.R. 1409.