240 So.2d 76 (1970)
IMLER EARTHMOVERS, INC., Appellant,
v.
Emanuel SCHATTEN, Alvin Leitman, As Trustee for Donald Leitman, A.J. Bloom and David M. Carney, a Partnership Doing Business As Confederate Point Apartments, Ltd., Appellees.
No. N-249.
District Court of Appeal of Florida, First District.
October 6, 1970.
Rehearing Denied November 3, 1970.
Clark, Rumph, Franson & Hutcheson, Jacksonville, for appellant.
*77 Goldman, Presser, Lewis & Nussbaum, Jacksonville, for appellees.
CARROLL, DONALD K., Acting Chief Judge.
The plaintiff in an action to establish an equitable lien upon lands owned by the defendants and improved by the plaintiff, has taken this interlocutory appeal from an order entered by the Circuit Court for Duval County, granting the defendants' motion to dismiss the plaintiff's amended complaint.
The sole question presented for our determination in this interlocutory appeal is whether the said court erred in granting the defendants' motion to dismiss the plaintiff's amended complaint which seeks to impose an equitable lien on property owned by the defendants and improved by the plaintiff.
In its amended complaint the plaintiff alleges that it entered into a contract with the defendants for the improvement of certain real property owned by them, that the contract price was $34,000, and that the defendants paid $20,000 in accordance with the terms of the contract, but refused to pay the balance due to the plaintiff in the amount of $14,400.
The plaintiff further alleges in its said complaint that it rendered services, furnished materials, improved the defendants' said property, and made that property more valuable because of the plaintiff's dredging, filling with top soil, leveling, and furnishing other materials on the said property; that the defendants, by their conduct and misrepresentations, prohibited the plaintiff from performing a portion of the contract and caused the plaintiff to fail to comply with the Mechanic's Lien Law of the State of Florida; that the only source of funds that are available to pay the plaintiff is the proceeds of a multi-million dollar construction or permanent mortgage that is being placed on the property by the defendants; that any judgment rendered against the defendants on the plaintiff's claim would be inferior to the said mortgage encumbrance, and, therefore, the plaintiff does not have an adequate remedy at law; that the work accomplished under the terms of the said contract was on specific land and was for the furnishing of labor and materials to improve the said land; and that the defendants would be unjustly enriched unless there is an equitable lien.
In the conclusory part of its amended complaint the plaintiff prays that the sum of $14,400 be an equitable lien on the said land; that the said sum be adjudicated the amount due to the plaintiff under the terms of the contract and, if that sum is not paid by the defendants to the plaintiff within a reasonable time to be set by the court, that the land be sold and the plaintiff paid from the proceeds of the sale; that the defendants be required to pay a reasonable attorneys' fee to the plaintiff's attorneys; and, finally, that the court "grant such other and further relief to the Plaintiff herein, as may be equitable."
Attached to the said amended complaint as a part thereof is a 77-page copy of the contract referred to in that complaint.
In this interlocutory appeal we are not concerned with the merits of this controversy. The issue before us involves, in final analysis, "allegata" rather than "probata." In other words, the ultimate question is whether, if the plaintiff should prove the allegations of its amended complaint, the chancellor could properly grant an equitable lien on the said land or grant some other form of equitable relief to the plaintiff.
Our first consideration, in answering this ultimate question, is the rules established in Florida laying down the conditions necessary for the establishment of an equitable lien. A leading case on this subject is the decision of the Supreme Court of Florida in Crane Company v. Fine, 221 So.2d 145 (Fla. 1969). In that case the Supreme Court recognized the following principles *78 as applicable to the establishment of equitable liens:
"The principles of law applicable to a determination of the equitable-lien question have been stated as follows: An equitable lien is simply a right of a special nature over a particular property that may arise from a written contract which shows an intention to charge the particular property with a debt or obligation, or it may be declared by a court of equity out of a general consideration of right and justice as applied to the relations of the parties and the circumstances of their dealings in the particular case. Jones v. Carpenter, 1925, 90 Fla. 407, 106 So. 127, 43 A.L.R. 1409. It is a remedial tool used by chancery to prevent inequity or unjust enrichment of one party as against another. Green v. Putnam, supra, [Fla.,] 93 So.2d 378. It is particularly appropriate in a situation in which the primary debtor has become insolvent, see Jones v. Carpenter, supra, 106 So. 127; Palmer v. Edwards, supra, [Fla.,] 51 So.2d 495; Tucker v. Prevatt Builders, Inc., supra, [Fla.App.,] 116 So.2d 437, 438; or has parted with the res that in right and justice should be held answerable for the claim made against it. See Dewing v. Davis, supra, [Fla.App.,] 117 So.2d 747; Industrial Supply Corp. v. Lee, Fla. 1950, 48 So.2d 285."
Earlier this court recognized the said principles in Carter v. Suggs, 190 So.2d 784 (Fla.App. 1966), as follows:
"The courts of this state have not hesitated to decree the existence of an equitable lien when the relationship of the parties and the nature of their dealings with respect to certain described real property require the imposition of a lien in order to prevent unjust enrichment or other inequities. The declaration of such liens has heretofore been confined to those instances in which the claimant has furnished funds for the purchase or improvement of land, or expended labor and materials in the improvement of property, all with the knowledge and consent of the owner. We find no decisions, and none has been called to our attention, where an equitable lien has been awarded against specified real estate under circumstances where the claimant has merely rendered services in connection with the acquisition, promotion, or management of the property."
Applying the foregoing principles to the facts alleged in the plaintiff's amended complaint, we are of the opinion that, if the plaintiff proved the said alleged facts, it would be entitled to an equitable lien on the defendants' said land, if not to other equitable relief. Therefore, the court erred in granting the defendants' motion to dismiss the amended complaint. The court should have denied the motion and thus allowed the case to proceed through the pleading stages until the issues drawn by the parties' pleadings can be determined at a final evidentiary hearing.
According to Rule 1.110(b), Florida Rules of Civil Procedure, 30 F.S.A., a claim for relief in a complaint or other pleading "must state a cause of action and shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the ultimate facts showing that the pleader is entitled to relief and (3) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded. Every complaint shall be considered to pray for general relief."
In our opinion, the amended complaint before us measures up to the standards set forth in the quoted rule, and hence that complaint must be held to be sufficient in its "allegata," and hence sufficient against the defendants' motion to dismiss.
For the foregoing reasons, the order appealed from herein is reversed and the *79 cause is remanded with instructions for further proceedings consistent with the views hereinabove expressed.
Reversed and remanded with instructions.
WIGGINTON and SPECTOR, JJ., concur.