283 So.2d 372 (1973)
HALL's MISCELLANEOUS IRONWORKS, INC., a Florida Corporation, Appellant,
v.
ALL SOUTHERN INVESTMENT COMPANY, INC., a Florida Corporation, Appellee.
No. T-358.
District Court of Appeal of Florida, First District.
October 4, 1973.
Edward A. Dempsey, Jr., Jacksonville, for appellant.
M.S. Dunay, of Schneider & Dunay, Walton O. Cone, Jacksonville, J. Lewis Hall, Jr., of Hartwell & Hall, Tallahassee, Arnold H. Slott; and Donald L. Braddock, Jacksonville, for appellee.
WIGGINTON, Judge.
By this interlocutory appeal appellant, Hall's Miscellaneous Ironworks, Inc., hereinafter referred to as Hall's, seeks review of an order dismissing with prejudice its counterclaim against appellee, All Southern Investment Company, Inc., hereinafter referred to as Southern. The history of the case may be summarized as follows.
This action was commenced by the filing of a complaint by Southern seeking foreclosure of a real estate mortgage executed in its favor by Savage and Brandt General Contractors, Inc., hereinafter referred to as Savage. Hall's, together with other lien claimants, was joined as party defendant in order to extinguish any claims assertable by them against the land involved in the case. Hall's answered the complaint and, in addition, filed a counterclaim against Southern and a cross-claim against Savage and the remaining lien claimants. By its counterclaim and cross-claim, Hall's seeks to establish and foreclose an equitable lien against the land which is the subject of Southern's mortgage foreclosure. In response to Southern's motion to dismiss Hall's counterclaim against it, the motion was granted and the counterclaim dismissed with prejudice. It is that order of which interlocutory review is hereby sought.
By its notice of appeal Hall's not only seeks review of the order dismissing with *373 prejudice its second amended counterclaim against Southern but also two prior orders dismissing with leave to amend its original and first amended counterclaim. The notice of appeal as to the two prior orders was not timely filed, so this court has no jurisdiction to review them. Consequently, our consideration will be directed only to the final order of dismissal with prejudice.
The facts alleged in Hall's counterclaim against Southern, all of which must be accepted as true for the purpose of passing upon its sufficiency to state a cause of action, may be summarized as follows. Hall's entered into a written contract with Savage on June 14, 1972, to specially fabricate certain specified building materials to be incorporated in a building then being constructed by Savage on the land involved in this proceeding. The contract price of the materials to be furnished by Hall's was $34,072.00, all of which materials were furnished under the substantially completed contract on or before September 15, 1972, when Hall's was notified by Savage that work on the building was being halted and the project abandoned.
In the beginning of their relationship Savage represented to Hall's that the property to be improved was unencumbered and persuaded Hall's to not file a notice of commencement against the property as a statutory predicate for claiming a materialman's lien because Savage was arranging to obtain mortgage financing for completion of the building as soon as Hall's furnished the materials contracted for and was paid in full the contract price agreed upon. Hall's relied in good faith upon the representations made to it by Savage, as a consequence of which it withheld the filing of a notice of commencement which would have preserved its right to claim a statutory lien against the property.
On August 28, 1972, approximately two weeks before work on the building ceased and the project was abandoned, Savage executed and delivered to Southern, a corporation in which Savage held a stock interest, a mortgage encumbering the property on which the building was being constructed. This mortgage was executed for the purpose of defrauding Hall's of the benefit of the labor and materials furnished by it which had been incorporated in the partially completed building. It is that mortgage which Southern seeks to foreclose in this proceeding. Savage is now insolvent, and the only remedy available to Hall's for recovery of the amount due it is to establish and enforce an equitable lien against the property improved by the materials furnished under its contract with Savage.
The principles applicable to the establishment of an equitable lien were enunciated by the Supreme Court in the case of Crane Co. v. Fine[1] as follows:
"... An equitable lien is simply a right of a special nature over a particular property that may arise from a written contract which shows an intention to charge the particular property with a debt or obligation, or it may be declared by a court of equity out of a general consideration of right and justice as applied to the relations of the parties and the circumstances of their dealings in the particular case. Jones v. Carpenter, 1925, 90 Fla. 407, 106 So. 127, 43 A.L.R. 1409. It is a remedial tool used by chancery to prevent inequity or unjust enrichment of one party as against another. Green v. Putnam, supra, Fla., 93 So.2d 378. It is particularly appropriate in a situation in which the primary debtor has become insolvent, see Jones v. Carpenter, supra, Fla., 106 So. 127; Palmer v. Edwards, supra, Fla., 51 So.2d 495; Tucker v. Prevatt Builders, Inc., supra, Fla.App., 116 So.2d 437, 438; or has parted with the res that in right and justice should be held answerable for the claim made against it. See Dewing v. Davis, supra, Fla.App., 117 So.2d 747; *374 Industrial Supply Corp. v. Lee, Fla. 1950, 48 So.2d 285."
With regard to the elements to be considered in determining whether peculiar equities or special circumstances warrant the imposition of an equitable lien, this court in the case of Carter v. Suggs[2] said:
"The courts of this state have not hesitated to decree the existence of an equitable lien when the relationship of the parties and the nature of their dealings with respect to certain described real property require the imposition of a lien in order to prevent unjust enrichment or other inequities. The declaration of such liens has heretofore been confined to those instances in which the claimant has furnished funds for the purchase or improvement of land, or expended labor and materials in the improvement of property, all with the knowledge and consent of the owner... ."
If there exist special or peculiar equities in favor of the claimant, he is not foreclosed from seeking an equitable lien merely because he was entitled but failed to perfect his statutory materialman's lien, as observed by the Supreme Court in Crane Co. v. Fine, supra:
"... We hold only that, because of the special and peculiar equities shown by the record in this particular case, the plaintiff should not be foreclosed from seeking an equitable lien merely because he was entitled to but failed to perfect his statutory materialman's lien."[3]
An objective consideration of the allegations set forth in Hall's counterclaim reveal that it contracted to furnish certain specially fabricated materials of considerable value to be and which were in fact incorporated in the building then being constructed by its owner, Savage. Hall's relied in good faith on Savage's representation that if the statutory notice of commencement was not filed against the property by Hall's, Savage would be better able to secure financing for construction of the building by offering the unencumbered property as security for a loan after Hall's was paid in full. After having accommodated Savage by acceding to its request to not file a notice of commencement and thereby losing its priority of lien against the improved property, Hall's was notified that work on the building was being terminated and the project abandoned. It was not until then that Hall's learned of the mortgage which had been previously executed by Savage in favor of Southern, which mortgage was given by Savage to a mortgagee in which it held a stock interest and for the primary purpose of defrauding Hall's of the amount justly due it to the unjust enrichment of Savage.
It well may be as contended by Hall's that if the allegations of its counterclaim could be sustained by evidentiary proof at the trial, its right to an equitable lien against the property involved herein would be established. This is a matter, however, which we do not decide and on which we express no opinion because of the conclusion hereinafter stated. It is our view that the allegations of Hall's counterclaim are not sufficient to charge Southern with having participated in the fraud allegedly perpetrated by Savage or with having been guilty of any other acts which would subordinate the lien of its mortgage to the equitable lien claimed by Hall's. Because of the failure of the counterclaim to allege any facts establishing overriding equities entitling its equitable lien to a position of superior prriority to the mortgage lien held by Southern, the complaint fails to allege a cause of action against Southern for which relief may be granted. The order appealed from must therefore be affirmed, but in recognition of Hall's right to assert an equitable lien against the property involved herein through the vehicle of its cross-claim against Savage and the other lienors, inferior only to the superior mortgage lien *375 held by Southern. If successful, Hall's will then be in a position to make claim against any surplus of the sale proceeds which may remain after satisfaction of the amount, if any, found to be due Southern on the mortgage held by it.
Affirmed.
RAWLS, C.J., and CARROLL, DONALD J., concur.
NOTES
[1] Crane Co. v. Fine, (Fla. 1969) 221 So.2d 145, 148; see also Imler Earthmovers, Inc., v. Schatten, (Fla.App. 1970) 240 So.2d 76.
[2] Carter v. Suggs, (Fla.App. 1966) 190 So.2d 784, 788.
[3] Crane Co. v. Fine, supra note 1, 221 So.2d at 149.