ALTENBERND, Judge.
Buffalo Tank appeals a partial final judgment which dismisses the City of Auburn-dale and denies Buffalo Tank’s claim of equitable lien against funds retained by the City during the construction of a public work. Although we disagree with the reasoning utilized by the trial court, we affirm on alternative grounds.
Buffalo Tank filed a complaint against Environmental Control Equipment, Inc. (ECE), and the City. The complaint alleged that Buffalo Tank had sold two tanks for a sewage plant to ECE in June 1986. On June 19, 1986, Buffalo Tank sent an invoice to ECE in the amount of $9,450 for the tanks. ECE did not pay the invoice.
ECE purchased the tanks for the construction of a waste water treatment plant. The construction was a public work for the City of Auburndale. The complaint alleged that ECE’s contract for this public work involved an amount less than $200,000, and that the City had retained funds in excess of $10,000 pursuant to section 255.05, Florida Statutes (1985). Buffalo Tank alleged that it provided notice of nonpayment to the City as owner in September 1986.
Count I of Buffalo Tank’s complaint alleged an account stated against ECE. Count II sought an equitable lien against the funds held by the City. The City moved to dismiss the complaint on several grounds, including the fact that Buffalo Tank had not complied with the notice requirements of section 255.05(2), Florida Statutes (1985). The trial court granted the City’s motion to dismiss with prejudice for failure to provide this statutory notice. The claim against ECE remains pending.
Section 255.05(2), Florida Statutes (1985), requires a claimant “who is not in privity with the contractor to furnish a *1039 notice to the contractor and to the surety within certain time limits to perfect a claim against the surety bond.” (Emphasis added.) This provision simply has no application to a claimant who is in privity with the contractor. In this case, there is no practical need or legal requirement for Buffalo Tank to provide a notice to ECE when ECE has already received the invoice and has failed to pay it. Section 255.05(2) is designed to provide the contractor and the surety with notice from an unpaid claimant who provided labor, materials, or supplies to a subcontractor and whose existence could easily be unknown to the contractor or the surety. 3 S. Rakusin, Florida Mechanics’ Lien Manual § 29.04(D)(1) (1974). Section 255.05(2) does not require any notice to the City itself. Thus, the trial court erred in dismissing the complaint on this ground.
The trial court’s order is affirmable, however, for two alternative reasons. First, it is undisputed that the City disbursed the funds related to this public contract after the trial court dismissed the City from this lawsuit. Buffalo Tank did not attempt to stay the disbursement in either the trial court or in this court. This court cannot grant Buffalo Tank any effectual relief since there no longer is a fund upon which an equitable lien could be impressed. Thus, the issue on appeal is moot. See Duval Fed. Sav. and Loan Ass’n v. Hallmark Builders, Inc., 519 So.2d 1035 (Fla. 5th DCA 1988); Montgomery v. Dep’t of Health and Rehabilitative Services, 468 So.2d 1014 (Fla. 1st DCA 1985).
Even if the case were not moot, Buffalo Tank failed to allege the absence of an adequate remedy at law against ECE. In order to plead an inadequate remedy at law, Buffalo Tank had to allege that ECE was insolvent or that Buffalo Tank’s legal remedy against ECE was otherwise insufficient. See Lewinson v. Shaw, 56 So.2d 449 (Fla.1952); Architectonics, Inc. v. Salem-American Ventures, Inc., 350 So.2d 581, 584 (Fla. 2d DCA 1977). There is no equitable reason to embroil the City in litigation if the claimant has an adequate remedy against the contractor. Cf. Pavex Corp. v. Broward County Board of County Comm’rs, 498 So.2d 1317 (Fla. 4th DCA 1986), review dismissed, 509 So.2d 1118 (Fla.1987) (subcontractor denied an equitable lien against undisbursed funds owed by a county to a contractor, despite the insolvency of the surety and bankruptcy of the contractor, because remedies at law existed against the contractor and the surety in their respective liquidation proceedings).
Buffalo Tank argues that it is not required to allege an inadequate remedy at law because the City must obey state regulations which establish procedures for the payment of claimants from such retained funds. § 255.05(l)(b), Fla.Stat. (1985). The statute does require the Department of General Services to adopt regulations creating procedures to protect claimants on state contracts. The Department of General Services has promulgated regulations. Fla.Admin.Code Rule 13D-11.0041. These regulations, however, only apply to contracts with the state and have no application concerning contracts with cities, counties, and other political subdivisions. 3 S. Rakusin, Florida Mechanics’ Lien Manual § 29.08(B)(2) (1974).
While it might be sensible for cities and other political subdivisions to create procedures which safeguard the interests of claimants entitled to the statutory retain-age fund, we cannot compel the City to create such procedures in the guise of an equitable lien when the claimant fails to allege that his legal remedy against the contractor is inadequate.
Affirmed.
HALL, A.C.J., and THREADGILL, J., concur.