55 So.2d 96 (1951)
CITY OF ST. AUGUSTINE et al.
v.
BROOKS.
Supreme Court of Florida, Special Division A.
August 7, 1951.
Rehearing Denied October 9, 1951.
Willard Howatt, St. Augustine, for City of St. Augustine.
Frank D. Upchurch and Howell W. Melton, St. Augustine, for H.E. Wolfe et al.
Coxe & Stephens, St. Augustine, for appellee.
TERRELL, Justice.
July 25, 1947, O.C. Lightner and the City of St. Augustine entered into contract whereby Lightner agreed to acquire what was known locally as the Alcazar Hotel property and convey it to the City in trust. The purpose of the trust was to house and administer the Lightner Museum of Hobbies, a donation to the City including other collections of similar character and to be used for a similar purpose. July 5, 1947, Lightner acquired the property and deeded it to the City in trust for use of the public in perpetuity. He also contributed $100,000 to recondition and remodel the property to make it suitable for the purposes of the trust. In addition to the donation for reconditioning, he gave $50,000 to remove his collection of hobbies from Chicago and place it in the Alcazar property when reconditioned and remodeled.
*97 J.E. Brooks, a master plumber of St. Augustine, was employed to furnish the material and recondition the plumbing. He filed his bill of complaint to foreclose a mechanic's lien for labor, services and materials furnished for this purpose. At final hearing, after evidence on the issues, the chancellor found the equities in favor of the complainant and assessed his damages against the City of St. Augustine in the sum of $3,844.72 with interest and costs in the sum of $190.00. He further decreed that the trust property be sold on a day certain to satisfy said amounts if not promptly paid. This appeal is from the final decree.
The only point for adjudication is whether or not a mechanic's lien will attach to and be enforced against real property acquired in trust by the City of St. Augustine to be held, used, managed and administered by the City forever, in the public interest and benefit of its citizens.
The answer to this question turns on the interpretation of the mechanic's lien law, Chapter 84, Florida Statutes 1949, F.S.A. Section 84.02, said act, defines those who may, and the conditions under which they may acquire a lien for labor, services or materials furnished for improving any real property done under contract with the owner. Section 84.01, said act, defines who are owners of real estate to which such liens may attach, the pertinent part of which is as follows: "`Owner' means the owner of real property or any interest therein who enters into a contract for the improvement of such real property and who may be the owner in fee of the real property, or of a lesser estate therein, a lessee for a term of years therein, a person having any right, title or interest in the real property which may be sold under legal process, or a vendee in possession under a contract for the purchase of the real property or any such right, title or interest therein."
From a casual reading of this act it is perfectly obvious that a mechanic's lien for labor, services or materials furnished to improve real estate attaches (1) where one owns the fee or a lesser estate there, (2) when one is a lessee for a term of years, (3) when one has any right, title or interest in the real property which may be sold under legal process, (4) when one is a vendee in possession with a contract for purchase of the real estate or any such right, title or interest therein. Lands held in trust to be "used, managed and administered forever in the public interest and for the citizens of St. Augustine," do not fall within any of these classifications and since the act must be strictly construed, are not covered by the mechanic's lien law.
In "matters of procedure" between those within the scope of Chapter 84 it will be construed liberally pursuant to the express intent as stated in Section 84.33, F.S.A. as has been the previous practice.
In Special Tax School District No. 1 v. Smith, 61 Fla. 782, 54 So. 376, this court approved the prevailing rule in this country to the effect that in the absence of a statute expressly providing for it, a mechanic's lien will not attach to and cannot be enforced against property held for public school purposes. In Am.Jur. 36, page 27, after treating the subject, many cases are cited approving the general rule on the subject. There are some exceptions but they are generally supported by statute or the contract under which the trust was acquired.
The Charter of the City of St. Augustine, Chapter 18873, Special Acts of 1937, authorizes the city to acquire property in its governmental capacity "for the observation, education, health, pleasure, benefit and general welfare of its citizens." The deed by which the city acquired the lands in question provided that "the trust established by this indenture shall have perpetual existance" and that neither the city nor its board of trustees shall have the right to sell, mortgage or dispose of it. It would hardly be possible to clothe a trust with more safeguards to protect it from encumbrance and alienation than was done in this case.
In this holding we do not overlook the contention of appellee that under his bill of complaint he was entitled to relief under any one of three theories, (1) foreclosure of mechanic's lien, (2) the existence of an equitable lien, and (3) sequestration of funds and other equitable remedies. He *98 also contends that the law of the case was settled in City of St. Augustine v. Brooks, Fla., 48 So.2d 303. The chancellor apparently rejected all these contentions except recovery by foreclosing the mechanic's lien.
We think he was in error in holding that appellee acquired a mechanic's lien. As heretofore pointed out, this court has held that a mechanic's lien will not attach to property held and used for a public purpose. In this case it is shown that the property was donated in trust and accepted by the city with the expressed contract that no such encumbrance should attach. We are also of the view that the uniform trust law, Chapter 691, Florida Statutes 1949, F.S.A., relied on by appellee, has no application to this case.
It is therefore our view that the chancellor committed error in impressing a mechanic's lien on the property in question because (1) it is trust property of the City of St. Augustine for the perpetual benefit of the public, (2) the deed trust by which the city acquired the property prohibits the imposition of any such lien on the property, (3) the donor of the property agreed to and did donate more than $100,000 to rehabilitate the property. It appellee cannot recover from the sum donated to rehabilitate the trust, his recourse is to show that he made a valid contract with the city and prove his claim for work done and materials furnished. For this he is entitled to an equitable lien and may have recourse against available funds now in the hands of the city from admissions or other income from the improved property until the lien is satisfied.
For the reasons so stated the judgment appealed from is reversed and a new trial awarded.
Reversed.
SEBRING, C.J., and CHAPMAN and HOBSON, JJ., concur.