SHIVERS, Judge.
This appeal is from a Final Judgment on Rehearing in an action to foreclose a mechanic’s lien brought by appellant against appellee and Trend Corporation (which is not a party to this appeal). We affirm except as to the failure of the trial court to award interest to appellant.
In May of 1977, Trend Corporation, as •general contractor, contracted with the St. *299 Joe Papermakers Federal Credit Union (Credit Union), to construct a new office building for the Credit Union for the sum of $71,494. The Cabinet Shop subcontracted with Trend Corporation to install counters, cabinets and shelves for the price of $2,782.
No Notice of Commencement as required by Section 713.13, F.S. was recorded by either Trend or the Credit Union. The Cabinet Shop began fabricating the counters and cabinets at its shop in July of 1977. On August 10, 1977, the Cabinet Shop began installing the cabinets and counters in the new Credit Union building. By letter from the. lawyer for the Credit Union dated October 4, 1977, the Cabinet Shop was advised that Trend Corporation had abandoned the job; that the Credit Union would pay the Cabinet Shop $278 to complete the job’ but that the Credit Union would not be responsible for Trend’s obligation to the Cabinet Shop under the original subcontract.
On October 7, 1977, the Cabinet Shop served its notice to the owner and filed its claim of lien in the amount of $2,782 against the Credit Union’s real property. The Notice to Owner was not filed within forty-five (45) days, as required by Section 713.06(2)(a), F.S., but the Claim of Lien was filed within ninety (90) days from the date the Cabinet Shop last furnished services to the owner.
The Cabinet Shop brought suit to foreclose the mechanic’s lien. Thereafter, the Cabinet Shop completed the contract pursuant to the request of a member of the Board of Directors of the Credit Union. Following non-jury trial on the Cabinet Shop’s foreclosure complaint, the trial court entered final judgment finding that the Cabinet Shop had failed to give notice to owner within forty-five (45) days of commencing to furnish the labor and materials under the subcontract as required by Section 713.06(2)(a), F.S.; that the owner failed to file a Notice of Commencement of Construction under Section 713.13(1), F.S.; failed to obtain from the general contractor any affidavit concerning payment of lien-ors; and failed to file a notice of recommencement of construction after the general contractor had abandoned the job. The trial court concluded that absent proof by the Cabinet Shop that there remains in the hands of the owner a portion of the contract price payable to the general contractor, there can be no recovery under the mechanic’s lien law unless the forty-five (45) day notice to owner has been timely filed. The court entered judgment for the Credit Union, denying the Cabinet Shop any relief.
The Cabinet Shop timely moved for rehearing and filed an amendment thereto. The trial court granted the motion for rehearing on the grounds that the Credit Union had failed to retain 10% of the contract price as required by Section 713.-06(3)(d) 5, and by the contract between Trend Corporation and the Credit Union. No contractor’s affidavit under Section 713.06(3)(d) 1 was given to the Credit Union as owner by Trend Corporation as the general contractor. The trial court further found that 10% of the contract price equals $7,149.40, and the amount retained was $6,201.73, leaving a balance of $947.00 required to be retained under the provisions of the above stated law and the general contract. The court further found that the Credit Union wrongfully paid the contractor the sum of $947.67 by reason of not witholding the full 10% of the contract price prior to securing the affidavit. The court ordered the Credit Union to show cause why a lien should not attach to its premises in favor of the Cabinet Shop in the sum of $947.67. The Credit Union paid into the Registry of the Court the sum of $947.67 on February 8, 1978, and thereafter filed its statement of cause of why the lien should not attach to its property. The court thereafter entered its final judgment on rehearing, which awarded the Cabinet Shop the sum of $947.67, together with attorney’s fees and costs.
The Cabinet Shop’s failure to give notice to the owner within forty-five (45) days of beginning work, as required by Section 713.06(2)(a), bars its claim for a valid mechanic’s lien. A subcontractor such *300 as the Cabinet Shop may be entitled to an equitable lien on unpaid funds or improperly paid funds despite his failure to perfect a mechanic’s lien. Morgan v. Goodwin, 355 So.2d 217 (Fla. 1st DCA 1978); Crane Company v. Fine, 221 So.2d 145 (Fla.1969); and Konsler Steel Company v. Partin, 356 So.2d 264 (Fla.1978). However, the pleadings below did not pray for an equitable lien. An appellant cannot raise a point for the first time on appeal. Likewise, an appellate court is not at liberty to grant a remedy not sought in the trial court. The Cabinet Shop is, however, entitled to interest on the amount of $947.67 from October 7,1977, the date it filed its lien, until February 8, 1978, the date the Credit Union paid that sum into'the registry of the court. Peter Marich and Associates, Inc. v. Powell, 365 So.2d 754 (Fla. 2nd DCA 1978) and Section 687.01, F.S., 1977.
The work the Cabinet Shop did in completing the contract upon the request of the member of the Credit Union’s Board of Directors was done pursuant to an independent contract calling for payment of $278.00. While the Cabinet Shop may be entitled to payment for this work, plus interest, these damages were properly denied based on the status of the pleadings.
The appellant’s motion for attorney’s fees is granted and remanded to the trial court for a proper award.
Reversed and remanded for proceedings not inconsistent herewith.
McCORD, J., and MASON, ERNEST E., Associate Judge, concur.