**In the Matter of BOB COOPER INCORPORATED, d/b/a BCI Utilities Contractor, Debtor.**

**BOB COOPER INCORPORATED, d/b/a BCI Utilities Contractor, Plaintiff,**

**v.**

**The CITY OF VENICE, Empire Pipe and Supply Company, and General Telephone Company of Florida, Defendants.**

Bankruptcy No. 84–811.
Adv. No. 84–447.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

April 25, 1986.

Shirley C. Arcuri, Tampa, Fla., for Bob Cooper Inc., d/b/a BCI Utilities Contractor.

Don M. Stichter, Emmett Abdoney, Michael A. Linsky, Tampa, Fla., for Empire Pipe & Supply Co.

Lorin H. Albeck, Tampa, Fla., for GTE.

Wayne Hall, Venice, Fla., for City of Venice.

## ORDER ON MOTION TO DISMISS AND MOTION TO STRIKE A COMPLAINT IN INTERPLEADER

ALEXANDER L. PASKAY, Bankruptcy Judge.

THIS IS an adversary proceeding commenced by Bob Cooper, Inc., d/b/a BCI Utilities Contractor (BCI), a Debtor seeking relief under Chapter 11 of the Bankruptcy Code. The immediate matter under consideration is a Motion to Dismiss and a Motion to Strike Empire Pipe and Supply Company's (Empire Pipe) Complaint in Interpleader, filed by BCI. In order to put the Motions in an understandable context, a brief recap of the procedural background of this controversy should be helpful.

The original Complaint was filed by BCI on October 3, 1984 and named the City of Venice, Empire Pipe and General Telephone Company of Florida (General Telephone) as Defendants. The Complaint consists of general allegations and four Counts.

In Count I, BCI seeks to recover $35,000 from General Telephone. This claim is based on the allegation of BCI that General Telephone is indebted to BCI for work performed by BCI on its contract with General Telephone for which it is yet to receive payment. BCI also seeks an accounting from General Telephone of all monies owed by General Telephone under its contract with BCI and a payment of same.

In Count II, BCI seeks an accounting from the City of Venice and payment due to BCI. The Complaint fails to allege the basis of the claim either in the general allegation or in Count II itself.

In Count III, BCI seeks an injunction against Empire Pipe, prohibiting it to pursue a state court action against BCI, General Telephone, and the City of Venice.

In Count IV, BCI seeks a declaration that the suit filed by it in the state court was a violation of the automatic stay imposed by § 362 of the Bankruptcy Code and to punish Empire for contempt.

Empire Pipe promptly attacked Counts III and IV of the Complaint on the ground that neither Count states a claim for which relief can be granted. In due course General Telephone and the City of Venice filed their respective answers to the Complaint. The City of Venice denied any need for accounting, having admitted that it is indebted to BCI in the amount claimed, i.e. $6,400.00, and it is willing to pay the same upon a proper order of the Court.

General Telephone filed a motion and sought an order restraining Empire Pipe from pursuing any claim against General Telephone and also filed an answer and a counterclaim. The counterclaim is in the nature of a statutory interpleader in which General Telephone admits that it holds $25,164.88; that these monies are claimed both by BCI and Empire Pipe; and that it is willing to deposit said sums in the Registry of the Court. General Telephone asserts no claim against the funds in its counterclaim but seeks an injunction against all parties to assert any further claims against General Telephone. General Telephone also filed a crossclaim against Empire Pipe. These pleadings by General Telephone were filed pursuant to an order entered by this Court which, while it denied General Telephone's request for the injunctive relief sought in its motion, authorized General Telephone to file these pleadings.

In due course Empire Pipe filed its answer to the crossclaim and basically admitted all allegations set forth in General Telephone's crossclaim. However, in addition to its answer, it also filed a pleading entitled "Complaint in Interpleader". Although Empire Pipe was not authorized to file any further pleadings and its pleading in spite of its title is not really a Complaint for Interpleader, it is a claim asserted against the funds deposited in the Registry by General Telephone and a claim against the City of Venice, its Mayor and Councilmen.

This last claim is based on the contention that the Defendants negligently failed to require General Telephone to post a payment and performance bond as required by § 255.05 of Florida Statutes, therefore, so claims Empire Pipe, it is entitled to recover damages, attorney fees and costs. From these Defendants, Empire Pipe also seeks the imposition of an equitable lien on the funds deposited in the Registry by General Telephone and also on the funds still held by the City of Venice.

General Telephone filed its answer to the Interpleader of Empire Pipe and by way of an affirmative defense claims that the Complaint in Interpleader fails to state a claim for which relief can be granted. Of course, this is not an affirmative defense but a motion to dismiss and will be treated as such pursuant to F.R.C.P. § 8 and 12. General Telephone also filed a motion to strike Count I of the Complaint in Interpleader, on the basis that it was procedurally improper.

In addition, the City of Venice also filed a motion to dismiss Count II of the Complaint in Interpleader of Empire Pipe. Following suit, BCI also filed a motion to dismiss and strike Empire Pipe's Complaint on the ground that it was procedurally improper and, in any event, it fails to state a claim for which relief can be granted. These are the motions under consideration and this is the procedural background of the controversy between BCI and the Defendants, City of Venice, General Telephone, and Empire Pipe. Fortunately, the underlying facts of this controversy are far less confusing and convoluted than the manner in which the controversy is presented and are as follows:

On September 8, 1983 General Telephone entered into an agreement with the City of Venice for the installation of a water main to be constructed on East Venice Avenue in the City of Venice, Florida. Prior to the execution of this contract, General Telephone entered into a contract with BCI for the installation of some additional telephone cable conduit at the same location. General Telephone did not furnish a payment and performance bond on its contract with the City of Venice nor did BCI on its contract with General Telephone for both jobs, i.e. on the cable installation for General Telephone or on the installation of the water main for the City of Venice on behalf of General Telephone.

Thus, on the telephone cable installation, General Telephone was the owner/contractor and BCI was the subcontractor and on the water main installation, the City of Venice was the owner, General Telephone was the contractor and BCI was the subcontractor. BCI had to furnish labor and material on both jobs and purchased some of the materials used on these two jobs from Empire Pipe on open account. There is no dispute that Empire Pipe did not obtain and does not claim to have a security interest in the contracts or accounts receivable of BCI.

In September, 1983, BCI commenced to install the water main under the Joint Trench Agreement (JTA) of General Telephone with the City of Venice but by December it became evident that work required at the U.S. 41 bypass crossing could not be performed in the manner required by JTA. Thereafter, BCI and the City of Venice entered into a separate agreement for some additional work needed to affect the installation of the water line at the U.S. 41 bypass crossing. It is without dispute that BCI used, in its performance of its direct contract with the City of Venice, material purchased from Empire Pipe.

The total balance due to BCI under the JTA less $3,215.50 was paid to BCI by General Telephone prior to the commencement of this adversary proceeding. General Telephone withheld that amount together with $25,164.88 owed to BCI on other projects in order to offset a $14,729.13 claim by General Telephone for the monies it had to expend to complete and correct the work of BCI under its contract with the City of Venice under the JTA contract. It is without dispute that BCI is indebted to Empire Pipe for material sold by it to BCI and used by BCI on the JTA contract in the amount of $6,100.41 and on BCI's direct

contract with the City of Venice in the amount of $7,892.07.

General Telephone deposited $25,164.88 in the Registry of this Court pursuant to an order entered on General Telephone's Complaint for Interpleader on October 15, 1984. This sum does not include the sum of $3,215.50 withheld by General Telephone due to BCI under the JTA based on its claim of right of setoff as noted earlier. It is without dispute that the sum of $6,400.00 paid to BCI pursuant to this Court's order of May 20, 1985 was for work done by BCI on its direct contract with the City of Venice and that sum is still subject to the claim of Empire Pipe in addition to its claim to the funds in the registry and the monies withheld by General Telephone.

These are the claims of Empire Pipe which are the crux of the matter under consideration. These claims, as noted earlier, are asserted by Empire Pipe in the form of its Complaint in Interpleader. This is the Complaint which is sought to be stricken by BCI as procedurally improper and to dismiss Empire's claim asserted in the Complaint against BCI and against the funds owed to BCI by General Telephone and by the City of Venice.

■ Interpleader is an equitable remedy designed to permit a disinterested stakeholder to avoid a multiplicity of suits with consequent vexation, to eliminate the danger of being required to pay the same claim to two or more individuals as a result of different findings by separate courts, and to prevent a race to secure judgment by different plaintiffs. Whether the proceeding is by rule or statute, equitable principles control. *Pacific Indemnity Co. v. Marceaux*, 263 F.Supp. 892 (W.D.La.1966). Under Rule 22(1) of the Federal Rules of Civil Procedure, adopted by Bankruptcy Rule 7022, governing interpleaders, a defendant seeking interpleader must frame his pleading either as a crossclaim against a co-party defendant already in the lawsuit, or as a counterclaim asserting a claim for relief against the plaintiff. *Grubbs v. General Electric Credit Corp.*, 405 U.S. 699, 92 S.Ct. 1344, 31 L.Ed.2d 612 (1972).

■ It is evident from the foregoing that the claim asserted by Empire in the form of a Complaint in Interpleader is procedurally improper. This is so because Empire is not holding monies to which conflicting claims are asserted. On the contrary, the funds deposited in the Registry of this Court were deposited by General Telephone, against which Empire Pipe is asserting its claims. There is no provision in the Federal Rules of Civil Procedure for filing a Complaint in Interpleader in a pending suit where there is already a proper interpleader filed by the proper party, i.e. the party against whom conflicting claims are asserted. Thus, the Complaint in Interpleader filed by Empire Pipe is subject to be stricken as procedurally improper and will be considered merely as a crossclaim against General Telephone asserting a right to the funds superior to the rights of BCI.

■ This leads to the consideration of a more serious matter—the motion of BCI to dismiss Empire Pipe's claim against the funds on the ground that it has no claim for which the relief it seeks can be granted as a matter of law, therefore, it should be dismissed. The claim of Empire Pipe is based on the contention that the funds owed to BCI by General Telephone and by the City of Venice should be impressed by an equitable lien in its favor, thus, giving Empire Pipe a right superior to these funds to the claims of BCI.

It is without serious question that one who has performed services or furnished materials in the improvement of real property is not limited to proceeding under the mechanics' lien law, but may proceed to establish an equitable lien on the property in question. *Crane Co. v. Fine*, 221 So.2d 145 (Fla.1969). The same doctrine has been recognized in numerous Florida decisions, including *Tucker v. Prevatt Builders, Inc.*, 116 So.2d 437 (Fla.App.1959); *Armstrong v. Blackadar*, 118 So.2d 854 (Fla.App.1960); and *Union Trust Company of St. Petersburg v. Wittmann*, 145 So.2d 540 (Fla.App.1962).

To establish an equitable lien, however, one must allege and prove his entitlement to such lien within certain principles recognized by the courts. Florida cases consistently support the proposition that an equitable lien arises from one of two sources: (1) a written contract which shows an intention to charge some particular property with a debt or obligation; or (2) is declared by a court of equity out of general consideration of right and justice as applied to the relations of the parties and the circumstances of their dealings in the particular case. *Jones v. Carpenter,* 90 Fla. 407, 106 So. 127, (Fla.1925). In the instant case, there is no allegation that Empire Pipe had any written contract with General Telephone, therefore, any equitable lien theory must be supported on the second ground.

BCI contends that in order to state a cause of action, absent an allegation of a written contract, Empire Pipe must allege mistake, fraud, misrepresentation or other wrong doing and cites *Hallmark Manufacturing, Inc. v. Lujack Construction Co., Inc.,* 372 So.2d 520 (Fla. 4th DCA 1979); *Charter Development Corp. v. Eversole,* 342 So.2d 143 (Fla. 1st DCA 1977); *O.H. Thomason Builders' Supplies, Inc. v. Goodwin,* 152 So.2d 797 (Fla. 1st DCA 1963); and *Gancedo Lumber Company, Inc. v. Flagship First National Bank of Miami Beach,* 340 So.2d 486 (Fla. 3rd DCA 1976) in support of its contention.

The Court finds those cases to be distinguishable in that in each of the cases cited by BCI the frustrated subcontractor sought to foreclose an equitable lien on real property rather than upon unpaid funds as in the instant case. The Florida Supreme Court, in *Merritt v. Unkefer,* 223 So.2d 723 (Fla.1969), has clearly made the distinction between the requirements to establish an equitable lien on real property as opposed to a specified fund.

The Florida Supreme Court in *Crane Co. v. Fine,* supra, recognized an equitable lien on a contractors hold back fund, holding that a materialman whose materials were incorporated in the improvement under a subcontract and who remained unpaid at the time the party with whom he was in privity abandoned the contract had a right of a special nature in the funds due and owing on account of materials supplied by the materialmen to the improvement. That Court found that the "particular property" in which the plaintiff had "a right of a special nature" was the fund held by the general contractor due and owing to the subcontractor on account of materials supplied by the materialmen to the improvement. See also *Peninsular Supply Co. v. C.B. Day Realty of Florida, Inc.,* 423 So.2d 500 (Fla. 3d DCA 1982); *Combs v. St. Joe Papermakers Federal Credit Union,* 383 So.2d 298 (Fla. 1st DCA 1980).

This Court is satisfied, therefore, that under Florida law Empire Pipe has stated a cause of action against the General Telephone fund and the City of Venice fund held by BCI and, therefore, the Complaint is not subject to dismissal.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion To Strike the Complaint in Interpleader filed by BCI, be, and the same is hereby, granted in part and denied in part and the Complaint shall be considered as a crossclaim against General Telephone asserting a right to the funds superior to the rights of BCI. It is further

ORDERED, ADJUDGED AND DECREED that the Motion To Dismiss the Complaint in Interpleader filed by BCI, be, and the same is hereby, denied with the proviso that this order shall not be construed to be a finding that an equitable lien is cognizable and enforceable under the Bankruptcy Code against a debtor-in-possession in a Chapter 11 case or against a trustee in a Chapter 7 case.