STONE, Judge.
The appellant was a materialman-subcon-tractor on various Broward County street projects. The prime contractor filed bankruptcy proceedings. Normally, appellant would simply recover the sums due from the contractor by claiming against the surety under section 255.05, Florida Statutes (1985). However, the surety in this case is in liquidation and is possibly insolvent. Appellant sued the County seeking recovery out of funds owed by the County to the contractor or its trustee in bankruptcy. Appellant alleged an equitable lien and asserted various other equitable theories in support of its claim. The trial court dis *1318 missed the complaint with prejudice on the undisputed facts.
Section 255.05(l)(a), Florida Statutes (1985), provides, in part:
255.05 Bond of contractor constructing public buildings; form; action by materialmen.—
(l)(a) Any person entering into a formal contract with the state or any county, city, or political subdivision thereof, or other public authority, for the construction of a public building, for the prosecution and completion of a public work, or for repairs upon a public building or public work shall be required, before commencing the work, to execute a payment and performance bond with a surety insurer authorized to do business in this state as surety. Such bond shall be conditioned that the contractor perform the contract in the time and manner prescribed in the contract and promptly make payments to all persons defined in s. 713.01 whose claims derive directly or indirectly from the prosecution of the work- provided for in the contract. Any claimant may apply to the governmental entity having charge of the work for copies of the contract and bond and shall thereupon be furnished with a certified copy of the contract and bond. The claimant shall have a right of action against the contractor and surety for the amount due him. Such action shall not involve the public authority in any expense.
Appellee asserts that a claim by a sub - contractor for an equitable lien on funds held by a county pursuant to a contract between the county and a contractor is, in essence, an impermissible garnishment of public funds. This position is supported by Board of County Commissioners of Okaloosa County v. Gulf Pipeline Co., 168 So.2d 757 (Fla. 1st DCA 1964). In that case a subcontractor asserted an equitable lien on funds owed by the County to a prime contractor. The appellate court reversed the circuit court’s denial of a motion to dismiss, reasoning that such a claim was “in essence an indirect or equitable garnishment-, to which the County is not subject in the absence of statutory authori-ty_” Id. at 759. The court went on to recognize that the subcontractor had an adequate remedy at law by enforcing a claim against the surety under the statute. Board of County Commissioners of Okaloosa County, at 760. See also Wesley Construction Co. v. Biscayne Construction, Inc., 341 So.2d 786 (Fla. 3d DCA 1977). Appellant contends that no such remedy exists here since the surety is insolvent.
Appellant argues that its cause of action was recognized in City of St. Augustine v. Brooks, 55 So.2d 96 (Fla.1951). In . that case the supreme court reversed the imposition of a mechanic’s lien on property being held by the City in trust for use as a public museum. The court first determined that the mechanic’s lien law did not apply to public land, even where title is held in trust. In reversing, however, the court went on to recognize that if the contractor could prove a direct contract with the City, he would be entitled to an equitable lien on museum funds.
Appellant further notes that liability has been imposed on a public body where it failed to require that the bonding contemplated by section 255.05 be obtained. Warren v. Glens Falls Indemnity Co., 66 So.2d 54 (Fla.1953). The court there held that although the statute is worded as an obligation of the contractor, the public agency has a corresponding duty to see to it that such a bond is in fact posted for the protection of subcontractors before construction commences. This is clearly in furtherance of the legislative intent.
We conclude that the trial court did not err. There is no basis to conclude that the statute affords any additional equitable relief to a subcontractor because of the later insolvency of a surety. The principles enunciated in the Okaloosa County case are applicable, and this decision is not inconsistent with Brooks.
We also note that in this case the appellant does have additional remedies at *1319 law. Certainly the funds held by Broward County, if due the contractor, may be listed as an asset of the bankrupt estate against which creditors’ claims, including appellant’s, will be made. Moreover, appellant’s claims against the surety may be pursued by filing a claim in the liquidation proceedings against the receiver.
Appellant has no right to an equitable lien, nor other equitable relief, against any obligation or funds reserved to pay any debt owed to the contractor or its trustee in bankruptcy.
Affirmed.
GLICKSTEIN and DELL, JJ., concur.