STREITFELD, JEFFREY E., Associate Judge.
The School Board of Broward County (the School Board) appeals from two Final Judgments entered in these consolidated cases that impress an equitable lien upon funds retained pursuant to section 255.05, Florida Statutes (1998). We affirm.
The School Board entered into a construction contract with Multi-Air Flow System & Appliance, Inc. (Multi-Air Flow) in 1997 for the renovation of an elementary school for a total price of $200,000. The School Board did not require Multi-Air Flow to provide any payment or performance bonds. Multi-Air Flow contracted with appellee, The Trane Company (Trane), to supply and install the air conditioning equipment. Toward the end of the job, a fire destroyed much of the work at which time the School Board chose to terminate the contract with Multi-Air Flow.
The School Board retained the sum of $74,600 from the contract amount because Multi-Air Flow did not provide releases indicating proof of payments to subcontractors. In March 1998, pursuant to section 255.05, Florida Statutes, Trane made a formal demand for $42,129.51, the sum that remained unpaid for materials delivered to the job site.
In March 1999, Trane was forced to file a complaint against Multi-Air Flow 'and the School Board to enforce its right to a ratable percentage of the retained funds. Within two months, Trane obtained a judgment by default against Multi-Air Flow, who by then was insolvent. However, the School Board aggressively defended for two years, asserting sovereign immunity, the economic loss rule and a denial that any monies were owed to Multi-Air Flow.
By 2001, the case was ripe for summary adjudication. The School Board disavowed any interest in the retained funds. The only other subcontractor who was a potential claimant against the fund, Mr. Electric, was owed $24,600, with interest, but had expressly waived its claim against the fund, had opposed intervention, and opposed the School Board’s last minute efforts to interplead the retained funds.
On November 21, 2001, the trial court entered an Amended Final Summary Judgment against the School Board, imposing an equitable lien against the retained funds withheld by the School Board and owed to Multi-Air Flow, in the sum of $42,129.51, with an additional $25,500 in pre-judgment interest and costs. A subsequent judgment was entered for post-judgment attorneys fees and costs in the sum of $33,500.
The School Board raises three issues on appeal, claiming: 1) the equitable lien claim is barred by sovereign immunity; 2) Trane may not recover more that its pro-rata share of the retained funds; and 3) the award of pre-judgment interest is barred by sovereign immunity.
With respect to the School Board’s first claim, the record clearly supports the imposition of an equitable lien on these statutorily retained funds. See Crane v. Fine, 221 So.2d 145 (Fla.1969); U.S. Fid. & Guar. Co. v. Ernest Constr. Co., 854 F.Supp. 1545 (M.D.Fla.1994); Kennedy Elec. Co. v. U.S. Postal Serv., 508 F.2d 954 (10th Cir.1974). The School Board’s reliance on Pavex Corp. v. Broward County, 498 So.2d 1317 (Fla. 4th DCA 1986), and Board of County Commissioners of Okaloosa County v. Gulf Pipeline Co., 168 So.2d 757 (Fla. 1st DCA 1964), is misplaced. In each of these cases, payment bonds had been posted which afforded the *1097 unpaid subcontractors adequate legal remedies.
In response to the School Board’s second claim, we note that Trane was the only unpaid subcontractor who made a claim against the retainage. Mr. Electric expressly waived its claim against the fund. Therefore, the trial court did not err in fading to limit the hen imposed by it.
As to the School Board’s third claim, imposition of an award of prejudgment interest was within the trial court’s discretion, and no abuse has-been shown. See Blasland, Bouck & Lee, Inc. v. City of North Miami, 283 F.3d 1286 (11th Cir. 2002).
Affirmed.
GUNTHER and FARMER, JJ., concur.