**In re COLLMAN & KARSKY ARCHITECTS, INC.,**
Debtor.

No. 8:11–bk–09666.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Dec. 13, 2011.

Thomas H. Yardley, Law Office of Thomas H. Yardley, Cocoa, FL, for Debtor.

***ORDER AND MEMORANDUM OPINION ON MOTION TO SET DEADLINE FOR ASSUMING OR REJECTING EXECUTORY CONTRACT AND FOR ADEQUATE PROTECTION OR, IN THE ALTERNATIVE, STAY RELIEF***

MICHAEL G. WILLIAMSON, Bankruptcy Judge.

■ Under Florida law, courts may impose an equitable lien on undisbursed contract proceeds in favor of a subcontractor if the subcontractor does not have any lien rights or other adequate remedy at law. That lien, however, may be avoided by a trustee (or debtor-in-possession) under the "strong-arm" powers of Bankruptcy Code § 544 where the subcontractor failed to obtain a consensual security interest in the Debtor's accounts receivable. Here, Colwill Engineering, Inc. performed work on a public construction project for Hillsborough County under a subcontract with the Debtor. Although the County paid the Debtor, the Debtor never paid Colwill for its work. Colwill, however, cannot lien the project because it is a public project. So under Florida law, Colwill is entitled to an equitable lien on any undisbursed contract proceeds held by the County. But that lien is avoidable by the Debtor under § 544 because Colwill could have but did not obtain a security interest in the Debtor's accounts receivable. Accordingly, Colwill is not entitled to adequate protection or stay relief to pursue its equitable lien rights.

## Background

Hillsborough County contracted with the Debtor to provide architectural services in connection with a traffic court relocation project. The Debtor, in turn, contracted with Colwill to provide engineering services at the project. The Debtor agreed to pay Colwill $10,450 for those services. The County paid the Debtor $20,250 of the $29,450 owed under the parties' contract.

But the Debtor has not paid Colwill the $10,450 owed under their subcontract. Nevertheless, the Debtor requested that Colwill provide additional construction administration services on the project. Colwill requested that the Debtor either pay the amounts due under the parties' sub-

contract or provide adequate protection. The Debtor did not respond.

As a consequence, Colwill filed a motion requesting that the Court (i) set a deadline for the Debtor to assume or reject the parties' subcontract; and (ii) require the Debtor to cure its default under the parties' subcontract or, in the alternative, provide Colwill adequate protection.[1] If the Debtor is unwilling or unable to cure its default or provide adequate protection, then Colwill requests that the Court grant it stay relief to pursue the undisbursed contract proceeds held by the County.[2]

Colwill claimed it was entitled to adequate protection or, in the alternative, stay relief because it had an equitable lien on the undisbursed contract proceeds held by the County. At the hearing on Colwill's Motion, the Debtor represented that it was rejecting the parties' subcontract. The issue before the Court, then, is whether Colwill has an equitable lien that is enforceable in bankruptcy.

## Conclusions of Law

 As Judge Paskay recognized fifteen years ago, "[i]t is without serious question that one who has performed services or furnished materials in the improvement of real property ... may proceed to establish an equitable lien on the property in question."[3] To establish an equitable lien, a party must demonstrate that (i) it has a "special right to particular property"; and (ii) it does not have any lien rights or other adequate remedy at law.[4] Courts have routinely recognized an equitable lien on a contractor's holdback fund where a subcontractor whose materials were incorporated into a construction project remained unpaid at the time the general contractor—with whom the subcontractor was in privity—abandoned the project.[5] In those cases, the subcontractor had a special right to the proceeds held by the owner or general contractor on account of the materials supplied.[6]

Colwill likewise has an equitable right under Florida law to the proceeds retained by the County. In this respect, Colwill has not been paid for the work it provided on the project. And Colwill is prohibited from filing a lien against the project under Florida law. Therefore, the Court is satisfied that under Florida law an equitable lien may be imposed on any undisbursed contract proceeds held by the County.

 But that does not end the inquiry. Just because Colwill has an equitable lien does not mean that the lien is enforceable in bankruptcy. Under Bankruptcy Code § 544, the trustee has the "avoiding powers" of a hypothetical judgment lien creditor.[7] A debtor-in-possession has the

1. *Colwill Engineering, Inc.'s Amended Motion to Set a Deadline for Debtor to Assume or Reject an Executory Contract, To Cure or in the Alternative to Provide Adequate Assurance of Future Performance and Alternative Motion for Relief from the Automatic Stay* (the "Motion") (Doc. No. 40).

2. *Id.* at ¶ 5.

3. *Bob Cooper, Inc. v. City of Venice (In re Bob Cooper, Inc.),* 60 B.R. 579, 582 (Bankr. M.D.Fla.1986) (Paskay, J.).

4. *Bob Cooper, Inc. v. City of Venice (In re Bob Cooper, Inc.),* 65 B.R. 609, 612 (Bankr. M.D.Fla.1986) (Paskay, J.).

5. *See, e.g., Weissing v. Gerring (In re G & R Builders, Inc.),* 123 B.R. 654, 659 (Bankr. M.D.Fla.1990) (citing *Crane Co. v. Fine,* 221 So.2d 145 (Fla.1969)); *In re Bob Cooper,* 65 B.R. at 612; *School Bd. of Broward Cty. v. Trane Co.,* 840 So.2d 1095, 1096–97 (Fla. 4th DCA 2003).

6. *In re G & R Builders, Inc.,* 123 B.R. at 659; *In re Bob Cooper, Inc.,* 65 B.R. at 612; *Trane,* 840 So.2d at 1096–97.

7. 11 U.S.C. § 544(a).

same rights and powers of a bankruptcy trustee.[8] That means a debtor-in-possession—such as the Debtor in this case—has the right to avoid any obligation that would be voidable by a hypothetical judgment lien creditor.[9] Courts have specifically held that a debtor-in-possession (or trustee) can avoid an equitable lien on undisbursed contract proceeds under § 544.[10] In fact, Judge Paskay held that a trustee or debtor-in-possession could avoid an equitable lien in a case similar to this one—*In re Bob Cooper, Inc.*[11]

In *Bob Cooper*, the debtor performed work on a water main installation project under a direct contract with the City of Venice and a subcontract with General Telephone Company of Florida. The debtor purchased the materials for its work on the project from Empire Pipe & Supply Company. General Telephone owed the debtor approximately $25,000 for its work on the project. The debtor, in turn, owed Empire Pipe approximately $14,000 for the materials it purchased on an open account.

After filing for bankruptcy, the debtor sued the City of Venice, General Telephone, and Empire Pipe for, among other things, turnover of the undisbursed contract proceeds. In response, General Telephone filed a counterclaim for interpleader, alleging that both the debtor and Empire Pipe claimed entitlement to the undisbursed contract proceeds. Empire Pipe filed a crossclaim against General Telephone asserting a superior right to the undisbursed contract proceeds. So the threshold issue was whether Empire Pipe had an equitable lien on the undisbursed contract proceeds.

The *Bob Cooper* court held that it did. Equitable liens are available to remedy those situations where there are no lien rights or other adequate remedy at law. Empire Pipe had neither. For that reason, the court was satisfied that Empire Pipe had a cognizable equitable lien under Florida law. The court then considered whether that lien was enforceable in bankruptcy.

As aptly summarized by Judge Paskay in *Bob Cooper*, equitable liens have "found a hostile environment in bankruptcy cases" as far back as 1898.[12] Section 60(a) of the Bankruptcy Act of 1898 expressly provided that "[t]he recognition of equitable liens where available means of perfecting legal liens have not been employed is hereby declared to be contrary to the policy" of placing the bankruptcy trustee in the position of a hypothetical judgment lien creditor.[13] Although it recognized that the Bankruptcy Code has no corresponding provision, the court observed that the Bankruptcy Reform Act of 1978 otherwise adopted all of—and, in some cases, expanded—the trustee's avoiding powers. Absent any language in the Bankruptcy Code to the contrary, the court held that a bankruptcy trustee (or a debtor-in-posses-

---

**8.** *In re Bob Cooper,* 65 B.R. at 613 (explaining "[t]here is no doubt that a Debtor–in–Possession has the same rights and powers of a Trustee in bankruptcy and may attack and invalidate claims not properly perfected in the same manner as a Trustee").

**9.** 11 U.S.C. § 544; *In re Bob Cooper,* 65 B.R. at 613.

**10.** *In re G & R Builders,* 123 B.R. at 659–60; *In re Bob Cooper, Inc.,* 65 B.R. at 612–14.

**11.** 65 B.R. at 613–14.

**12.** *Id.* at 612; *see also In re G & R Builders,* 123 B.R. at 660.

**13.** *In re Bob Cooper,* 65 B.R. at 612 (quoting the Bankruptcy Act of 1898, § 60(a)(6), 11 U.S.C. § 96(a)(6)).

sion) remains able to defeat an unperfected lien—including an equitable lien—where there was an opportunity to obtain a lien by legal means.[14]

The court ultimately determined that Empire Pipe had an opportunity to obtain a lien by legal means. According to the court, Empire Pipe could have obtained a security interest in the debtor's accounts receivable. Had it done so, the debtor would have been unable to defeat Empire's equitable lien. But since there was no lien in favor of Empire Pipe on record, the court held that Empire Pipe's equitable lien could be avoided under § 544 and that the debtor's right to the undisbursed contract proceeds was superior to Empire Pipe's equitable lien.

Colwill, however, claims that *Bob Cooper* is not on point because the general contractor held the undisbursed contract proceeds in that case. Here, the County does. Colwill claims that fact alone warrants a different outcome. In support of that position, Colwill relies on *School Board of Broward County v. The Trane Co.*,[15] where the court held that a subcontractor was entitled to an equitable lien on contract proceeds held by the Broward County School Board. Colwill also relies on the United States Supreme Court's decision in *Pearlman v. Reliance Insurance Co.*[16] for the proposition that a governmental entity has an interest in making sure subcontractors are paid.

Colwill is correct that the entity holding retained proceeds in *Trane* was a public

entity. But the outcome of that case did not hinge on the fact that the public entity held the proceeds. And there is nothing in *Trane* that suggests a subcontractor's equitable lien could not be avoided in bankruptcy under § 544 simply because the contract proceeds were held by a public entity.[17] Nor does *Pearlman* dictate that outcome. *Pearlman* merely reaffirmed a surety's right to contract retainage where the surety paid laborers and materialmen under a payment bond.[18] To be sure, the *Pearlman* Court did recognize that the federal government (the owner of the construction project) "had a right to use the retained fund to pay laborers and materialmen." [19] That statement, however, cannot be read so broad as—nor was it intended—to supersede a debtor-in-possession's "strong-arm" powers under § 544. Indeed, *Pearlman* did not even involve a trustee's "strong-arm" powers under § 544.

### Conclusion

The Court concludes that Colwill has an equitable lien on the undisbursed contract proceeds held by the County but that the Debtor can avoid that lien under § 544. As a consequence, the Debtor's interest in the undisbursed contract proceeds held by the County is superior to Colwill's equitable lien. Accordingly, it is

**ORDERED:**

1. The parties' subcontract is hereby deemed rejected. Colwill is relieved of any duties or obligations under its subcontract with the Debtor.

14. *Id.* at 613; *see also In re G & R Builders*, 123 B.R. at 660.

15. 840 So.2d 1095 (Fla. 4th DCA 2003).

16. 371 U.S. 132, 83 S.Ct. 232, 9 L.Ed.2d 190 (1962).

17. *Trane*, 840 So.2d at 1096–97.

18. *Pearlman*, 371 U.S. at 141–42, 83 S.Ct. at 237.

19. *Id.*

2. To the extent it seeks adequate protection or relief from the automatic stay, Colwill's Motion is hereby DENIED.

**DONE** and **ORDERED.**